IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(INDIANAPOLIS DIVISION)

| | |
|---|---|
| JAMES TAUNG THORN, | ) |
| *Plaintiff,* | ) |
| vs. | ) CASE NO. 1:18-cv-2045-JRS-DML |
| SMARTPAY LEASING, LLC, | ) |
| *Defendants.* | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq*, Defendant SmartPay Leasing, LLC ("SmartPay"), by and through counsel, submits this Memorandum of Law in Support of its Motion to Compel Arbitration and Stay Litigation. As discussed below, Plaintiff signed an agreement to lease a smartphone from SmartPay in 2017, which included a valid and enforceable arbitration provision. Plaintiff is a resident of Indiana, while SmartPay is a resident of California, and the smartphone leasing transaction between the Parties was therefore interstate commerce, subject to the FAA. SmartPay therefore respectfully requests that the Court grant its motion to compel arbitration and stay the case pending arbitration.

## FACTUAL BACKGROUND

On September 3, 2017, Plaintiff James Taung Thorne ("Plaintiff" or "Thorne") entered into an agreement to lease a Stylo 3 Plus—a smartphone manufactured by LG—and an accompanying protective case (the "Lease Agreement") from SmartPay. (*See* Declaration of Jeff White ("White Decl."), ¶4, attached hereto as <u>Exhibit 1</u>). Plaintiff entered into this agreement in the context of a transaction made at a MetroPCS dealer in Hurst, Texas. (*Id.*). SmartPay has a relationship with MetroPCS, allowing MetroPCS to extend to customers special leasing arrangements provided by SmartPay. (*Id.* at ¶¶5-6). In the Lease Agreement, Plaintiff agreed to make 13 monthly payments of $32.80. (*See* Lease Agreement, attached as Exhibit A to the White Decl.). In the event of a dispute arising from the Lease Agreement, Plaintiff agreed to abide by the following arbitration provision in the Lease Agreement, provided here in full:

> **20. ARBITRATION.** You and we agree that any claim or dispute arising from or in any way related to the Agreement must be resolved by binding arbitration instead of a lawsuit. This agreement to arbitrate will be governed by the federal Arbitration Act, 9 U.S.C. Sections 1-16 and the substantive law of your state.
>
> Arbitration is a process for resolving disputes outside of the court system. An independent third-party arbitrator will take evidence from both parties and then rule on the issue(s). The arbitrator has the ability to award all remedies available by statute, at law or in equity. The arbitrator's decision will be final and binding on both parties.
>
> You and we agree to use one of the two national arbitration organizations and their rules for conducting arbitrations. You can contact those organizations and get copies of their rules here:
>
> American Arbitration Association    JAMS, the Resolution Experts
> 335 Madison Avenue, Floor 10        1920 Main Street, Suite 300
> New York, NY 10017-4605            Irvine, CA 92614

| | |
|---|---|
| www.adr.org (http://www.adr.org) <br> (800)-778-7879 | www.jamsadr.com <br> (http://www.jamsadr.com) <br> (800)-352-5267 or (949)-224-1810 |

If a dispute arises, you or we can file a claim with either organization. If you file a claim against us, we will pay the initial filing fee. Each party must pay its own attorneys' fees and other costs of the arbitration. However, the arbitrator can award reasonable attorneys' fees and costs to the party who wins the arbitration.

If we file a claim against you and select an organization that is unacceptable to you, you have the right to choose the other organization if you notify us of your decision within 30 days after you receive notice of our arbitration choice.

You and we agree that any arbitration will be conducted in the county where you live.

Nothing in this arbitration agreement is intended to prevent either of us from filing a lawsuit in an appropriate small claims court for an amount that does not exceed the court's jurisdictional limits. All other disputes must be arbitrated. Any attempt to remove a suit originally filed in small claims court to another court will require the parties to arbitrate under this Agreement.

This arbitration agreement will survive termination of the Agreement and will continue to be in effect to resolve any disputes that arise between you and us.

BY AGREEING TO ARBITRATE DISPUTES, YOU ARE WAIVING YOUR RIGHT TO A TRIAL BY JURY. YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT RESOLVE YOUR DISPUTE. YOU ARE WAIVING YOUR RIGHT TO PARTICIPATE IN A CLASS ACTION LAWSUIT. YOU ARE WAIVING YOUR RIGHT TO CERTAIN DISCOVERY RULES THAT APPLY IN A LAWSUIT. YOU AND WE AGREE THAT THE ARBITRATOR HAS NO AUTHORITY TO CONDUCT CLASS-WIDE ARBITRATION AND CAN ONLY DECIDE THE DISPUTE BETWEEN YOU AND US. IF ANY PART OF THE ARBITRATION AGREEMENT IS RULED TO BE INVALID, THEN THE UNDERLYING DISPUTE MUST BE RESOLVED BY A JUDGE, SITTING WITHOUT A JURY, IN A COURT OF COMPETENT JURISDICTION, AND NOT AS A CLASS ACTION LAWSUIT.

> Your Right to Opt Out: If you decide that you do not want to arbitrate any dispute(s) with us, you must notify us in writing at our address in the Agreement no later than 10 days after the date you sign the Agreement. Your decision to opt out of this arbitration agreement will not affect your Agreement with us.

(Lease Agreement, p.4, Exh. A to White Decl.).

As evidenced in the Lease Agreement, Mr. Thorne signed the Lease Agreement pursuant to the Electronic Signatures in Global and National Commerce Act ("E-SIGN"). *Id.* at pp. 3 and 5; *see also* 15 U.S.C. § 7001(a).

## ARGUMENT

The FAA provides:

> A written provision in any … contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

In the Seventh Circuit, "[w]hen resolving arbitrability disputes, a court must bear in mind the liberal federal policy in favor of arbitration agreements." *IBEW, Local 21 v. Ill. Bell Tel. Co.*, 491 F.3d 685, 687-88 (7th Cir. 2007); *see also* 9 U.S.C. §§ 2, 3. "'[W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *IBEW, Local 21 v. Ill. Bell Tel. Co.*, 491 F.3d 685, 687-88 (7th Cir. 2007) (quoting *AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 650, 106 S. Ct. 1415, 1419 (1986)). "In order to

4

determine whether the parties have agreed to submit this particular dispute to arbitration, [a court] must turn to the specific language of the arbitration clause. When interpreting a contract, [the court] look[s] first to the plain meaning of the provision, and strive[s] to avoid absurd results." *Id.*

As is apparent from the arbitration provision excerpted above, the Lease Agreement takes great pains and uses as conspicuous and plain of language as possible to ensure that a lessee like Mr. Thorne understands he is agreeing to arbitrate "any claim or dispute arising from or in any way related to" the Lease Agreement. (Lease Agreement, p. 4, Exh. 1 to White Decl.). Indeed, the provision provides in all caps a detailed description of the rights that Mr. Thorne was waiving pursuant to that provision, and then explains that he has the right to opt out of the arbitration provision. (*Id.*). By signing the Lease Agreement and failing to exercise his right to opt-out within 10 days of the commencement of the contract, Mr. Thorne bound himself to arbitrate any and all claims or disputes arising from or relating to the Lease Agreement. (White Decl. ¶8).

It is likewise plain from the face of Plaintiff's Complaint that his allegations against SmartPay arise out of and relate to the Lease Agreement. The crux of Plaintiff's allegations is that SmartPay "had been deliberately and forcefully sending letters of bills for what [he] never owed them" . . . "beginning in September 2017 and until June 25, 2018." (Compl., p. 2). From these alleged wrongful acts, Plaintiff claims that he has been driven insane, depressed, and in fear of losing his credit and reputation, among other things. (Compl., p. 3). On the basis of this

alleged harm, Plaintiff requests the return of his $285.91 payment to SmartPay and $300,000 in non-economic damages. (Compl., p. 4). Thus the entire action is based on the alleged wrongfulness of SmartPay's attempts to contact Mr. Thorne and collect payment on his defaulted agreement to lease the LG Stylo 3 Plus, and is therefore subject to arbitration.

Therefore, because all of Mr. Thorne's allegations against SmartPay arise out of and relate to SmartPay's attempts to get Mr. Thorne to comply with his contractual obligations under the Lease Agreement, under the FAA, this action must be arbitrated as provided in the Lease Agreement.

## **CONCLUSION**

For the foregoing reasons, SmartPay requests that this Court stay the current proceeding and enter an order compelling arbitration. Mr. Thorne and SmartPay entered into a valid contract pursuant to an interstate commercial transaction that contained a valid and enforceable arbitration provision. Because the entirety of the subject matter of the action Mr. Thorne now brings is within the scope of that arbitration provision, under the FAA this matter must be arbitrated.

This 1st of October, 2018.

          Respectfully submitted,

          /s/ Matthew C. Branic
          Matthew C. Branic, Atty. No. 25496-49
          KRIEG DEVAULT LLP
          12800 N. Meridian Street, Suite 300
          Carmel, IN 46032

        (317) 566-1110
        Fax: (317) 636-1507
        mbranic@kdlegal.com

        Christopher W. Bloomer, Atty. No. 34512-29
        KRIEG DEVAULT LLP
        One Indiana Square, Suite 2800
        Indianapolis, Indiana 46204
        Phone: (317) 238-6319/Fax: (317) 636-1507
        E-mail: cbloomer@kdlegal.com

        *Counsel for Defendant SmartPay Leasing, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 1st day of October, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and copies were sent by U.S. Mail, postage prepaid. Parties may access this filing through the Court's system.

    James Taung Thorne
    7770 Grandview Drive
    Indianapolis, Indiana 46260
    artisttung4@gmail.com

                                    /s/ Matthew C. Branic

KD_9721566_1.docx